| | |
|---|---|
| 1 | Alison M. Norris (SBN 248711) |
| 2 | anorris@goodwinprocter.com |
|   | **GOODWIN PROCTER LLP** |
| 3 | 4365 Executive Drive |
|   | San Diego, California 92121 |
| 4 | Tel.: 858.202.2700 |
|   | Fax.: 858.457.1255 |
| 5 | Attorneys for Defendant |
| 6 | AEREO, INC. |

E-FILING

Filed
DEC 21 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

RMW

CV 12 80300 MISC PSG

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING, INC., CBS STUDIOS INC., NBCUNIVERSAL MEDIA, LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETWORK GROUP LLC, and WNJU-TV BROADCASTING LLC,

    Plaintiffs/Counterclaim Defendants,

    v.

AEREO, INC.,

    Defendant/Counterclaim Plaintiff.

Case No.

**DEFENDANT AEREO'S NOTICE OF MOTION AND MOTION TO QUASH**

Date:
Time:
Courtroom:
Judge:

---

WNET, THIRTEEN, FOX TELEVISION STATIONS, INC., TWENTIETY CENTURY FOX FILM CORPORATION, WPIX, INC., UNIVISION TELEVISION GROUP, INC., THE UNIVISION NETWORK LIMITED PARTNERSHIP, and PUBLIC BROADCASTING SERVICE,

    Plaintiffs/Counterclaim Defendants,

    v.

AEREO, INC.,

    Defendant/Counterclaim Plaintiff.

ORIGINAL

LIBA/2361194.1

AEREO'S NOTICE OF MOTION AND MOTION TO QUASH

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT as soon as may be heard in the United States District Court for the Northern District of California, at a time and place to be determined, Defendant Aereo, Inc. will and hereby does move to quash the subpoena served upon Google Inc. by Plaintiffs on December 7, 2012, on the grounds that (1) the subpoena is overly broad and unduly burdensome; and (2) the subpoena seeks Aereo's confidential and proprietary information. This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Affidavit of Yvonne W. Chan submitted herewith, and any matter appropriately subject to judicial notice.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Aereo, Inc. ("Aereo") hereby files this Motion to Quash.[1] Aereo respectfully requests that this Court quash the subpoena served by Plaintiffs upon Google Inc. (the "Google Subpoena") because the subpoena, which seeks information relating to Aereo's marketing strategies and campaigns, is overly broad, duplicative and unduly burdensome, and seeks confidential and proprietary information belonging to Aereo.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the Court should quash the Google Subpoena because (a) it is duplicative, overly broad, and unduly burdensome, and (b) it seeks confidential and proprietary marketing information.

## III. BACKGROUND

This matter, which is currently pending in the Southern District of New York, concerns Plaintiffs' allegations that Aereo infringes their copyrights by providing technology that allows consumers to access a remote antenna and a remote digital video recorder ("DVR") to record and watch their own recordings of over-the-air broadcast television. Complaint at ¶ 1, *American Broadcasting Companies, Inc., et al.*, No. 12-cv-1540 (S.D.N.Y filed Mar. 1, 2012) ("ABC Complaint"); Complaint at ¶¶ 1-3, *WNET, et al. v. Aereo, Inc.*, No. 12-cv-1543 (S.D.N.Y. filed Mar 1, 2012) ("Fox Complaint"). Shortly after filing their complaints, Plaintiffs moved for a preliminary injunction on the grounds that the transmissions in the Aereo system were "public performances" that are prohibited under the Copyright Act, 17 U.S.C. § 101 et seq. After several months of expedited discovery, the District Court for the Southern District of New York (Nathan, J.) held a two-day evidentiary hearing in which six witnesses testified and dozens of exhibits, including declarations from other witnesses, were entered into evidence. *See* 12-cv-1540, Dkt. Nos. 98, 100; 12-cv-1543, Dkt. Nos. 116, 118. On July 11, 2012, the District Court issued an

---

[1] By bringing this Motion, Aereo in no way consents to general jurisdiction in this district or elsewhere in the State of California.

order denying Plaintiffs' motion for preliminary injunction, finding that under the precedent set by *Cartoon Network LP v. CSC Holdings, Inc.*, 536 F.3d 121 (2d Cir. 2008), each transmission in the Aereo system was private, not public, because each consumer's unique recording of a broadcast television program could be played back only to that consumer. *See* 12-cv-1540, Dkt. No. 109; 12-cv-1543, Dkt. No. 131.

Following that decision, the District Court held a scheduling conference on September 19, 2012, at which counsel for Plaintiffs represented that any additional discovery needed to proceed to trial in this matter would be limited. *See* 12-cv-1540, Dkt. No.116. The District Court adopted Plaintiffs' proposed schedule, and ordered fact discovery to close on February 22, 2013. *See* 12-cv-1540, Dkt. No. 115; 12-cv-1543, Dkt. No. 140. Shortly thereafter, on September 24, 2012, Plaintiffs served Aereo with their Second Request for Production of Documents and Electronically Stored Information, seeking a broad range of documents and information, including information concerning consumers' use of the Aereo technology, and Aereo's marketing and business plans. *See* Affidavit of Yvonne W. Chan ("Chan Aff.") ¶ 4. In response to Plaintiffs' requests, Aereo has, to date, produced over 114,000 pages of documents (in addition to the over 40,000 pages of documents produced during the preliminary injunction phase), as well as a copy of the source code for the entire Aereo system, and over 80GB of data from the logs and databases in the Aereo system. *Id.* ¶ 5.

Despite the voluminous amount of discovery already produced by Aereo in this case, on December 7, 2012, Plaintiffs served a broad subpoena upon Google Inc. for "[a]ll documents concerning Aereo or the Aereo Service." *See* Google Subpoena, attached to Chan Aff. as Exhibit A. The Google Subpoena seeks, among other things, Aereo's confidential marketing information, including documents relating to Aereo's "Google Adwords" purchases and Aereo's Google Analytics account. *See id.* Because the Google Subpoena is overly broad and unduly burdensome, particularly as it is duplicative of the requests already served upon Aereo, and because it seeks confidential and proprietary information belonging to Aereo, it should be

quashed.[2]

## IV. ARGUMENT

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). Rule 45 also allows the court to quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B). As explained in further detail below, the Google Subpoena should be quashed because it seeks Aereo's confidential and proprietary information, and it is duplicative, overly broad, and unduly burdensome.

### A. Aereo Has Standing to Bring This Motion

Aereo has standing to bring this motion to quash because the Google Subpoena seeks confidential and proprietary information belonging to Aereo, and parties have standing to quash a subpoena served upon a non-party if the party has a personal right or privilege in the information sought. *See, e.g., Third Degree Films, Inc.*, No. DKC 11-3007, 2012 U.S. Dist. LEXIS 25400, at *2 (D. Md. Feb. 28, 2012) ("[H]owever minimal or exceedingly small the [defendant's] interests . . . are, parties need only have *some* personal right or privilege in the information sought to have standing to challenge a subpoena to a third party.") (internal quotations omitted); *Malibu Media, LLC v. Does 1-25*, No. 12-cv-0362-LAB, 2012 U.S. Dist. LEXIS 84948, at *5 (S.D. Cal. June 19, 2012) (quoting *Third Degree Films, Inc.*); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 2008). In particular, courts have recognized that information relating to a defendant's business, including confidential commercial information, gives a defendant standing to challenge a non-party subpoena. *See In re Ashworth, Inc. Sec. Litig.*, No. 99-cv-0121-L, 2002 U.S. Dist. LEXIS 27991, at *4-*7 (S.D. Cal. May 10, 2002) (party has standing to move to quash third party subpoenas based on party's "proprietary interest" in commercial information sought); *Knoll, Inc. v. Moderno, Inc.*, No. C 12-80193-MISC SI, 2012 U.S. Dist. LEXIS 138497, at *5 (N.D. Cal. Sept. 26, 2012) (defendants had standing to move to

---

[2] This case is a complex matter involving significant discovery disputes, many of which have already been addressed by the District Court for the Southern District of New York (Nathan, J.).

quash subpoena where defendants had cognizable privacy interest in sales-related documents and communications). Here, as explained in further detail below, the Google Subpoena calls for the production of sensitive, confidential, and proprietary information relating to Aereo's advertising strategy and campaigns and consumers' use of Aereo. Accordingly, Aereo has standing to bring this motion.

### B. The Google Subpoena is Duplicative, Overly Broad, and Unduly Burdensome

It is well established that parties to a lawsuit must seek first seek discovery from other parties to the action, and resort to third-party discovery only where it is not duplicative. Here, Plaintiffs have failed to abide by that rule, and the Google Subpoena should be quashed because it is duplicative of requests already made to Aereo. In addition, the Google Subpoena is overly broad and unduly burdensome, as it calls for documents that have marginal, if any, relevance to the claims in this case.

First, Plaintiffs have already requested, and Aereo has agreed to produce, documents concerning Aereo's marketing or advertising plans. Chan Aff. ¶ 4. Having already secured Aereo's agreement to produce these documents, Plaintiffs do not need to seek this information from Google as well. *See Gonzales v. Google*, 234 F.R.D. 674, 686 (N.D. Cal. 2006) ("[I]n order to aid the [plaintiff] in its study of the entire elephant, the Court may burden a non-party to require production of a picture of the elephant's tail, but it is within this Court's discretion to not require a non-party to produce another picture of the same tail."); *Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing third party subpoena when the vast majority of discovery sought was obtainable from a source "more direct, convenient, and less burdensome -- namely, from Defendants"); *Murr v. Midland Nat'l Life Ins. Co.*, No. 11-cv-1362-BTM, 2011 U.S. Dist. LEXIS 82486, *3-*4 (S.D. Cal. July 28, 2011) (granting motion to quash where Plaintiff had not exhausted other remedies before seeking documents from third party).

Second, information and documents about Aereo's marketing and advertising strategies have limited, if any, relevance to the claims in this case. Plaintiffs have alleged that Aereo is infringing their copyrights because the copies made in the Aereo system are violative of their reproduction right and the transmissions in the Aereo system are public performances. ABC

Complaint at ¶ 4; Fox Complaint at ¶ 4. Aereo's marketing strategies are entirely irrelevant to these claims, as they have no bearing on how the copies are made and to whom the performances are transmitted. In light of the fact that Aereo has already agreed to produce these documents, Plaintiffs cannot justify imposing, on a non-party, the burden of producing this duplicative and irrelevant information. *See Liberty Media Holdings v. Does 1-62*, No. 11-cv-575-MMA, 2012 U.S. Dist. LEXIS 24232, *4-*5 (S.D. Cal. February 24, 2012) (in evaluating whether a subpoena is unduly burdensome, "the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information") (citing *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F. Supp. 2d 332, 354 (D.D.C. 2001)); *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-680 (N.D. Cal. 2006) ("Underlying the protections of Rule 45 is the recognition that 'the word non-party serves as a constant reminder of the reasons for the limitations that characterize third-party discovery.'") (quoting *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)); *Compaq Computer Corp. v. Packard Bell Elec.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) ("[I]f the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed . . . would be by definition 'undue.'"). Accordingly, the Google Subpoena should be quashed. *See Kohler v. Flava Enters.*, No. 10-cv730-IEG, 2011 U.S. Dist. LEXIS 70610, *4-*5 (S.D. Cal. June 30, 2011) (granting a party's motion to quash the subpoena served upon a non-party because the confidential documents sought by the subpoena did not pertain to the substantive claims raised in the case).

### C. The Google Subpoena Seeks Confidential and Proprietary Information

The Google Subpoena should also be quashed because it calls for confidential and proprietary information concerning Aereo's marketing strategies and advertising campaigns, as well as analyses and reports concerning Aereo consumers' access to the Aereo website. *See* Fed. R. Civ. P. 45(c)(3)(B) (court may quash subpoena "if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information").

The Google Subpoena seeks, among other things, "all Google Adwords purchases made by Aereo" and "all reports reflecting Google Analytics data concerning Aereo." *See* Google Subpoena, at 2. Google Adwords is an advertising service that allows businesses to purchase advertising on Google's website, which is linked to certain keywords chosen by the business. *See* AdWords Home Page, http://adwords.google.com (last visited Dec. 21, 2012). Google Analytics provides measurement tools for businesses to track and analyze consumer behavior, such as consumers' access to an advertisement or website. *See* Google Analytics Home Page, http://www.google.com/analytics (last visited Dec. 21, 2012). Aereo uses both of these services to implement and assess its marketing campaigns, and to track consumer behavior on Aereo's website. Accordingly, the production of Aereo's Google Adwords purchases, or Aereo's Google Analytics data, would reveal sensitive and confidential information about Aereo's advertising and marketing strategies, as well as the success or failure of those strategies.

While there is a protective order in this case that allows for the designation of documents or data produced by Google as "Confidential" or "Highly Confidential," this does not provide adequate protection where Plaintiffs are seeking competitively sensitive information from a non-party to this case, and that non-party hardly has the same interests as Aereo in protecting Aereo's confidential information. *See Murr*, 2011 U.S. Dist. LEXIS 82486, at *3-*4 (quashing third-party subpoena where issuing party could "request the documents directly from the [opposing party] without involving a third party that does not have the same interests as [the opposing party] in protecting the documents relating to its business practices and policyholders"). Here, there is no reason for Plaintiffs to seek these documents from Google when Plaintiffs could request—and have already requested—information about Aereo's marketing strategies and consumer usage from Aereo itself. Accordingly, Plaintiffs' subpoena should be quashed.

**V.     CONCLUSION**

For the foregoing reasons, Aereo respectfully requests that this Court grant its motion to quash.

Dated: December 21, 2012

Respectfully submitted,

By: /s/ Alison M. Norris / SKD
Alison M. Norris (SBN 248711)
*anorris@goodwinprocter.com*
**GOODWIN PROCTER LLP**
4365 Executive Drive
San Diego, California 92121
Tel.: 858.202.2700
Fax.: 858.457.1255

Attorneys for Defendant
AERO, INC.

LIBA/2361194.1

8

AEREO'S NOTICE OF MOTION AND MOTION TO QUASH

# CERTIFICATE OF SERVICE

I, Stephanie Davoodian, declare:

I am employed in the County of San Francisco, California in the office of a member of the bar of this Court at whose direction this service was made. I am over the age of eighteen and not a party to this action. My business address is Goodwin Procter LLP, Three Embarcadero Center, 24th Floor, San Francisco, CA 94111. On December 21, 2012, I served the following document(s):

**DEFENDANT AEREO'S NOTICE OF MOTION AND MOTION TO QUASH**

on the following interested parties in this action in the manner indicated below:

> David J. Bradford
> Email: dbradford@jenner.com
> Steven B. Fabrizio
> Email: sfabrizio@jenner.com
> Joshua Friedman
> Email: joshuafriedman@jenner.com
> Kenneth D. Klein
> Email: kklein@jenner.com
> Julie A. Shepard
> Email: jshepard@jenner.com
> Richard L. Stone
> Email: rstone@jenner.com
> Scott B. Wilkens
> Email: swilkens@jenner.com
> Bruce P. Keller
> Email: bpkeller@debevoise.com
> Michael R. Potenza
> Email: mpotenza@debevoise.com

[ ]   U.S. Mail: I am personally and readily familiar with the business practice of is Goodwin Procter LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service. I caused such document[s] to be sent via U.S. Mail according to the practices above.

[ ]   HAND-DELIVERY: I caused such document[s] to be delivered by a courier service on the same day.

[X]   EMAIL TRANSMISSION: I caused such document[s] to be sent by email transmission to the party(ies) indicated.

I declare under penalty of perjury under the laws of the state of California and the United States that the foregoing is true and correct, and that this declaration was executed on December 21, 2012, at San Francisco, California.

_____
Stephanie Davoodian