UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING, INC., CBS STUDIOS INC., NBC UNIVERSAL MEDIA, LLC, NBC STUDIOS, LLC, UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETWORK GROUP, LLC, AND WNJU-TV BROADCASTING, LLC,<br><br>   Plaintiff/Counterclaim Defendants,<br><br>  v.<br><br>AEREO, INC.,<br><br>   Defendant/Counterclaim Plaintiff | Case No.: CV-12-80300-RMW<br><br>**ORDER RE: DEFENDANT'S MOTION TO QUASH PRODUCTION**<br><br>**(Re: Docket No. 1)** |

  Defendant Aereo, Inc. ("Aereo") moves to quash a subpoena demanding the production of documents and information related to its AdWords purchases and Google Analytics information from third-party Google, Inc. ("Google"). For the reasons set forth below, the court DENIES the motion.

1

Case No.: 12-80300-RMW
ORDER

## I. BACKGROUND

Plaintiffs are television broadcasting companies that filed complaints against Aereo in the Southern District of New York in March 2012.[1] The complaints allege that Aereo infringes Plaintiffs' copyright by providing technology that allows consumers to access a remote antenna and a remote digital video recorder to record and watch their own recordings of over-the-air broadcast television.[2] For a monthly fee, Aereo provides its subscribers with live or recorded transmission of Plaintiffs' broadcasts to any Internet-connected device.[3]

The parties have engaged in discovery related to Plaintiffs' claims of both direct and indirect infringement and Aereo's fair use defense.[4] On September 24, 2012, Plaintiffs served Aereo with their second request for production of documents and electronically stored information, seeking a broad range of documents and information, including information concerning consumers' use of the Aereo technology and Aereo's marketing and business plans.[5] Aereo claims that it has, to date, produced over 114,000 pages of documents in addition to the over 40,000 pages of documents produced during the preliminary injunction phase.[6] It also apparently produced a copy of the source code for the entire Aereo system, and over 80 GB of data from its logs and databases.[7] Aereo has indicated that documents related to their Google AdWords purchases have

---

[1] *See* Dkt. No. 8, at 1, n. 1 (Plaintiffs consist of WNET, THIRDTEEN, Fox Television Stations, Inc., Twentieth Century Fox film corporation, WPIX, Inc., Univision Television Group, Inc., The Univision Network Limited Partnership, and Public Broadcasting Service.)

[2] *WNET, et al. v. Aereo, Inc.*, Case No. 12-cv-1543 (S.D.N.Y. filed Mar. 1, 2012).

[3] *See* Dkt. No. 8.

[4] *See id*.

[5] *See* Dkt. No. 2.

[6] *See id*.

[7] *See id*.

2

Case No.: 12-80300-RMW
ORDER

been produced among the documents.[8] Plaintiffs claim that a search for the terms "Adword" and "Google" through Aereo documents did not reveal Aereo's Adwords purchases.[9]

In May 2012, the parties entered into an Amended Stipulated Protective Order ("Protective Order") issued by the Southern District of New York governing the treatment of confidential proprietary information that would be produced during the discovery process.[10] The Protective Order remains in effect.[11]

On December 7, 2012, Plaintiffs served Google a subpoena seeking the production of "[a]ll documents concerning Aereo or the Aereo Service . . . (i) all Google Adwords purchases made by Aereo, (ii) all documents related to the Google Analytics account for Aereo . . . (iii) all reports reflecting Google Analytic data concerning Aereo."[12] Google relayed to Plaintiffs' counsel its willingness to produce documents in response to the subpoena if Aereo did not object.[13] Now before the court is Aereo's motion to quash the subpoena served on Google.[14]

## II. LEGAL STANDARDS

Litigants may serve a subpoena requiring a non-party "to produce documents, electronically stored information, or tangible things" pursuant to Fed. R. Civ. P. 45.[15] The subpoena is subject to the relevance requirements set forth in Fed. R. Civ. P. Rule 26(b).[16] Rule 45 also provides that

---

[8] *See* Dkt. No. 10.

[9] *See* Dkt. No. 8.

[10] *See* Dkt. No.

[11] *See* Dkt. No. 8.

[12] *See id*.

[13] *See* Dkt. No. 8.

[14] *See* Dkt. No. 1.

[15] Fed. R. Civ. P. 45(a)(1)(C).

[16] Fed. R. Civ. P. 26(b).

3

Case No.: 12-80300-RMW
ORDER

"[o]n timely motion, the issuing court must quash or modify a subpoena that . . . (iv) subjects a person to undue burden."[17] The issuing court may also quash the subpoena upon determination that the subpoena requires disclosure of "a trade secret or other confidential research, development, or commercial information."[18] A party challenging a subpoena by claiming a privilege must sufficiently describe the withheld material so that the parties and the court can assess the claim.[19] The party moving to quash a subpoena bears the burden of persuasion.[20]

### III.  DISCUSSION

The parties dispute over (1) whether Aereo has standing to move to quash production of documents from a non-party such as Google; (2) whether the Protective Order is sufficient to protect the disclosure of Aereo's confidential proprietary information and; (3) whether production of documents related to Aereo's AdWords purchase and Google Analytics is duplicative, burdensome and irrelevant.

**A.  Standing**

Aereo seeks to quash the subpoena because it claims that the subpoena seeks production of its confidential and proprietary information.[21] Plaintiffs argue that Aereo lacks standing to move to quash the subpoena on the ground of undue burden on the producing non-party because Aereo is not the subject of the subpoena.[22]

---

[17] Fed. R. Civ. P. 45(c)(3)(A).

[18] Fed. R. Civ. P. 45(c)(3)(B).

[19] Fed. R. Civ. P. 45(d)(2).

[20] *Green v. Baca,* 226 F.R.D. 624, 653 (C.D. Cal. 2005).

[21] Dkt. No. 1, at 4, ll. 11-12.

[22] Dkt. No. 8, at 3, ll. 24-25.

4

Case No.: 12-80300-RMW
ORDER

As a general rule, a party does not have standing to quash a subpoena issued to a non-party.[23] But as the court pointed out in *Knoll v. Moderno, Inc.*, "a party moving to quash a non-party subpoena has standing when the party has a personal right or privilege in the information sought to be disclosed."[24] The movant must demonstrate, for example, "that they possess a cognizable privacy interest in the . . . documents and communications sought by the subpoena" and, thus, "have standing to move to quash the subpoena seeking those documents."[25]

The court finds that the facts here are indistinguishable from those in *Knoll*, and therefore Aereo has standing as to the content of the documents and information sought by the subpoena. As in *Knoll*, the information here is related to Aereo's AdWord purchases and Google Analytics account and so can be Aereo's proprietary information regarding its strategies. Aereo, thus, has established the requisite interest in the information to have standing to object to the production.

In response, Plaintiffs point to *Kremen v. Cohen*, in which the court held that a "party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to an undue burden when the non-party has failed to object."[26] Aereo, however, did not argue for standing on the basis of undue burden alone.[27] The court in *Kremen* recognized that "a party may seek an order [to quash] if it believes its own interest is jeopardized by discovery sought from a third person."[28] Aereo accordingly has standing at least regarding the content of the information being sought by Plaintiffs' subpoena.

---

[23] *See Malibu Media, LLC v. Does 1–25,* Case No. 12–80193-LAB(DHB), 2012 WL 2367555, at *2 (S.D.Cal. June 21, 2012).

[24] Case No. 12–8019- MISC SI, 2012 WL 4466543, at *2 (N.D. Cal. 2012).

[25] *Id.*

[26] *Kremen v. Cohen*, Case No. 11-05411-LHK (HRL), 2012 WL 2277857, at *3 (N.D. Cal. 2012).

[27] Dkt. No. 1, at 4-5.

[28] *Kremen*, 2012 WL 2277857, at *3.

### B.     Sufficiency of the Protective Order

"In deciding whether to quash the subpoena, the [c]ourt must balance the need for the particular information against the privacy right asserted. In making that determination, the [c]ourt also considers whether a protective order addresses the asserted privacy concerns."[29]

Plaintiffs point out that the Protective Order is in place to allow the parties and any third parties to designate the information to be produced as confidential and thereby prevent the disclosure of proprietary information.[30] The parties do not dispute the application of the Protective Order to the production of Aereo's source code, service usage data and technical documents.[31] Aereo nevertheless claims that the Protective Order does not provide adequate protection, because Google would not have the same interests in protecting confidential information as the party to whom the information belongs.[32]

Much like the court in *Knoll*, this court finds that Aereo has "failed to demonstrate that the protective order will not sufficiently address the asserted privacy interests."[33] Given that the Protective Order allows active screening of the documents to be produced by both parties, and that the party that opposes the production of the information may do so prior to production,[34] Aereo is

---

[29] *Id*. (internal citation omitted).

[30] *See* Dkt. No. 8.

[31] *See* Dkt. No. 1; Dkt. No. 8.

[32] Dkt. No. 10.

[33] *Knoll,* 2012 WL 4466543, at *2.

[34] Dkt. No. 2-1, ¶ 5 ("Documents, material or information that cannot be stamped with a legend can be designated as "Confidential" or "Highly Confidential" by furnishing a written notice to the undersigned counsel for the party receiving such documents, material or information at the time of production, identifying the documents, material or information as "Confidential" or "Highly Confidential.").

6

Case No.: 12-80300-RMW
ORDER

able to intercept or retrieve any confidential document prior to production.[35] That is, the Protective Order allows both parties to designate any document to be produced as confidential or highly confidential.[36] Aereo offers no specific explanation regarding how these measures fail to safeguard information produced by Google.

Because the Protective Order addresses any privacy concerns Aereo raises, the court finds Aereo's argument does not require quashing the subpoena.

**C.     Relevance and Undue Burden Balancing.**

Rule 26 also specifies that "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)" which requires that discovery methods be limited where " the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some source that is more convenient, less burdensome, or less expensive."[37]  "Thus, a court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena."[38]

Moreover, Rule 26(b) allows the discovery of non-privileged material "relevant to the claim or defense of any party," and the "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[39] Relevancy, for the purposes of discovery, is defined broadly, although it is not without "ultimate and necessary boundaries."[40]

---

[35] *Id.* at ¶ 6, 16.

[36] *Id.* at ¶ 14.

[37] *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 80 (N.D. Cal. 2006).

[38] *Id*.

[39] *Gonzales,* 234 F.R.D. at 679-80.

[40] *Pacific Gas & Elec., Co. v. Lynch*, Case No. 01-3023 VRW, 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002) (citing *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)).

Aereo contends that documents concerning Aereo's marketing plan would be irrelevant to the claims in this case, "as they have no bearing on how the copies are made and to whom the performances are transmitted."[41] Aereo further asserts that the marketing plan documents are irrelevant to copyright infringement claims because they reveal nothing about how consumers use its technology or how the use would affect the potential market for Plaintiffs' works.[42] In addition, Aereo argues that the subpoena is duplicative because it already produced thousands of documents concerning its marketing strategies including its use of AdWords.[43]

Plaintiffs respond that the information sought from Google would relate to "how Aereo is marketing itself and bears directly on the issue of the impacted markets and market harm, which is a critical factor in Aereo's asserted fair use defense."[44] Regarding the issue of undue burden, Plaintiffs points out that no burden showing has been made by Aereo, and that Google does not object to the production of the requested documents.[45]

As to the issue of the duplicativeness of the subpoena, Plaintiffs argue that Aereo has yet to produce the same documents asked for in the subpoena.[46] But even if Aereo had, or will, produce

---

[41] Dkt. No. 1, at 6.

[42] Dkt. No. 10, at 3.

[43] Dkt. No. 10.

[44] Dkt. No. 8, at 7-8 (citing *Campbell v. Acuff-Rose Music, Inc.,* 510 U.S. 569, 590 (1994) ("The fourth fair use factor is 'the effect of the use upon the potential market for or value of the copyrighted work.' It requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also 'whether unrestricted and widespread conduct of the sort engaged in by the defendant ... would result in a substantially adverse impact on the potential market' for the original.")).

[45] *See id.*

[46] *See id.*

8

Case No.: 12-80300-RMW
ORDER

documents requested in the subpoena to Google, Plaintiffs claim that they nevertheless are entitled to those documents from Google to verify any similar information provided by Aereo.[47]

The court agrees that no issue of undue burden exists in this case. "The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed."[48] In this case, the subpoena is directed to Google, not Aereo, and Google has not shown any unwillingness to produce the documents requested on the grounds of the unreasonableness or oppressiveness. Hence, no issue of undue burden exists.

As to the duplicativeness argument, the court finds that Aereo has not met its burden of showing that the requested discovery would be duplicative. Other than attorneys' affidavits, Aereo proffered no evidence, such as examples of produced documents, to show that the information sought to be produced has already been produced. The court in *Knoll* found such statements to be insufficient for the showing of duplicative discovery and this court agrees with that reasoning.[49]

On the issue of relevancy, the court finds that the documents sought from Google would be relevant to Aereo's fair use defense and therefore discoverable.[50] According to the fair use factors enumerated in *Campbell v. Acuff-Rose Music*, "the extent of market harm caused by the particular actions of the alleged infringer" needs to be established.[51] Plaintiffs have articulated that the information regarding the internet traffic flow and Aereo users' access provided in the Google Analytics information would demonstrate the impact on the potential market, which is relevant to

---

[47] Dkt. No. 8, at 6-7.

[48] *Goodman v. United States,* 369 F.2d 166, 169 (9th Cir. 1966).

[49] *See Knoll,* 2012 WL 4466543, at *2.

[50] *See* Fed. R. Civ. P. 26(b).

[51] *Acuff-Rose Music, Inc.,* 510 U.S. at 587.

9

Case No.: 12-80300-RMW
ORDER

Aereo's fair use defense.[52] Under the broad definition of relevance in Rule 26(b), Plaintiffs' argument that the information can establish market harm would make the information relevant.[53] The type of purchases Aereo made on AdWords can further allow Plaintiffs to uncover whether Aereo engaged in diverting relevant consumers within Plaintiffs' potential market to Aereo's website.[54] Aereo's argument that Google Analytics does not shed light on consumers' use of Aereo technology fails to show how Plaintiffs' requested information will not be relevant to market harm.

Aereo's motion to quash the subpoena is DENIED.

**IT IS SO ORDERED**.

Dated: April 10, 2013

PAUL S. GREWAL
United States Magistrate Judge

---

[52] *See* Dkt. No. 8.

[53] *City of Rialto v. U.S. Dept. of Def.,* 492 F. Supp. 2d 1193, 1202 (C.D. Cal. 2007) ("Relevance is broadly construed and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party.").

[54] *WPIX, Inc. v. ivi, Inc.,* 765 F. Supp. 2d 594, 620 (S.D.N.Y. 2011) *aff'd,* 691 F.3d 275 (2d Cir. 2012) (determining that ivi service inflicted irreparable harm on broadcaster plaintiffs by "diverting customers who would otherwise watch their local stations, [and, therefore, ivi was] weakening plaintiffs' negotiating position with advertisers.").